Chris H. Stewart, Esq. Stewart Law Firm 1020 West 4th Street, Ste. 400 Little Rock, Arkansas 72201
Dear Mr. Stewart:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 2007), of the popular name and ballot title for a proposed constitutional amendment. Your popular name and ballot title are as follows:
 Popular Name FREEDOM OF CHOICE FOR HEALTH CARE AMENDMENT Ballot Title AN AMENDMENT PROVIDING THAT NO LAW OR RULE SHALL DIRECTLY OR INDIRECTLY COMPEL A PERSON, EMPLOYER OR HEALTH CARE PROVIDER TO PARTICIPATE IN A HEALTH CARE SYSTEM. THE PURCHASE OR SALE OF HEALTH INSURANCE IN PRIVATE HEALTH CARE SYSTEMS SHALL NOT BE PROHIBITED BY LAW OR RULE. A PERSON OR EMPLOYER MAY PAY DIRECTLY FOR LAWFUL HEALTH CARE SERVICES AND SHALL NOT BE REQUIRED TO PAY PENALTIES OR FINES FOR PAYING DIRECTLY FOR LAWFUL HEALTH CARE SERVICES. A HEALTH CARE PROVIDER MAY ACCEPT DIRECT PAYMENT FOR LAWFUL HEALTH CARE SERVICES AND SHALL NOT BE REQUIRED TO PAY PENALTIES OR FINES FOR ACCEPTING DIRECT *Page 2 
PAYMENT FROM A PERSON OR EMPLOYER FOR LAWFUL HEALTH CARE SERVICES. THIS AMENDMENT DOES NOT AFFECT THE FOLLOWING: WHICH HEALTH CARE SERVICES A HEALTH CARE PROVIDER OR HOSPITAL IS REQUIRED TO PERFORM OR PROVIDE; WHICH HEALTH CARE SERVICES ARE PERMITTED BY LAW; LAWS OR RULES IN EFFECT AS OF JANUARY 1, 2010; OR THE TERMS OR CONDITIONS FOR ACCEPTING DIRECT PAYMENT FROM A PERSON OR EMPLOYER FOR LAWFUL HEALTH CARE SERVICES. THIS AMENDMENT DOES NOT PROHIBIT CARE PROVIDED PURSUANT TO ARK. CONST., ART. 5, § 32, THE WORKERS' COMPENSATION LAW, ARKANSAS CODE § 11-9-101 ET SEQ, THE ARKIDS FIRST PROGRAM ACT, ARKANSAS CODE § 20-77-1101 ET SEQ, OR THE PATIENT PROTECTION ACT, ARKANSAS CODE § 23-99-201 ET SEQ.
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition. Neither certificationnor rejection of a popular name and ballot title reflects my view ofthe merits of the proposal. This Office has been given no authorityto consider the merits of any measure.
In this regard, A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. In addition, following Arkansas Supreme Court precedent, this office will not address the constitutionality of proposed measures in the context of a ballot title review unless the measure is "clearly contrary to law."Kurrus v. Priest, 342 Ark. 434, 29 S.W.3d, 669 (2000);Donovan v. Priest, 326 Ark. 353, 931 S.W.2d 119 (1996); andPlugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the *Page 3 
proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment or act.
The purpose of my review and certification is to ensurethat the popular name and ballot title honestly, intelligibly, andfairly set forth the purpose of the proposed amendment or act.See Arkansas Women's Political Caucus v. Riviere,283 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device.Pafford v. Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v.Bryant, 259 Ark. 294, 532 S.W.2d 741 (1976); Moore v.Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment or act that will give the voter a fair understanding of the issues presented. Hoban v. Hall,229 Ark. 416, 417, 316 S.W.2d 185 (1958); Becker v. Riviere,270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen,318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v.McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v.Hall, supra; and Walton v. McDonald,192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see
A.C.A. § 7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line. Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v. McCuen,310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring.Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law.Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) *Page 4 
honest, and 3) impartial. Becker v. McCuen,303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed amendment, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must reject your proposed popular name and ballot title due to ambiguities in the text of your proposed measure. A number of additions or changes to your popular name and ballot title are, in my view, necessary in order to more fully and correctly summarize your proposal. I cannot, however, at this time, fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title without the resolution of the ambiguities. I am therefore unable to substitute and certify a more suitable and correct popular name and ballot title pursuant to A.C.A. § 7-9-107(b).
I refer to the following ambiguities:
 1. The fundamental operative provision of your proposed amendment is section 2(a), which provides that "[a] law or rule shall not compel, directly or indirectly, a person, employer, or health care provider to participate in a health care system." The term "health care system" is defined in relevant part in section 1(c) as "any . . . entity" having characteristics specified in the definition. The word "entity" is not defined in your proposal but normally denotes "[a]n organization (such as a business or governmental unit) that has a legal identity apart from its members or owners." Black's Law Dictionary
612 (9th ed. 2009). It is my understanding that many arrangements that might commonly be understood to be "health care systems" are not, in fact, separate entities having independent legal existence.[1] By the plain meaning of the words used, therefore, your proposal might not prohibit compulsory participation in a health care system that has no separate legal existence. A voter examining the ballot title, however, would not be informed of the possible limitation and likely would understand the proposal to be intended to prohibit compulsory participation in all "health care systems" *Page 5 
regardless of their legal structures. Having examined your proposal and being aware of current general political and societal conditions, I believe it unlikely that the limitation mentioned herein was intended. Accordingly, my revision of the ballot title to disclose the possible limitation likely would not be useful. I conclude instead that the text of the proposed amendment is internally ambiguous.
 2. Section 2(d)(1) provides that the proposed amendment does not "[a]ffect which health care services a health care provider or hospital is required to perform. . . ." Section 2(d)(4) also refers to "a health care provider or hospital." These references to "health care provider" and "hospital" in the alternative carry an implication that the one is not included in the other; i.e., that a "hospital" is not a "health care provider" for purposes of the proposal. Neither term is defined in the proposal. As stated above, the fundamental prohibition of the proposal in section 2(a) protects "a person, employer, or health care provider" from compulsory participation in a health care system. The alternative references contained in section 2(d), combined with the absence of a reference to "hospital" in section 2(a), create a forceful suggestion that hospitals would not be covered by the fundamental prohibition the proposal. To the extent this limitation on the proposal's reach is intended, the ballot title likely should, but does not, disclose the limitation. As in the case of the first ambiguity discussed above, however, I believe it unlikely that the limitation is intended. Once again, accordingly, my revision of the ballot title to disclose the possible limitation likely would not be useful. I conclude instead that the text of the proposed amendment is internally ambiguous.
 3. Section 2(c) of the proposal states that "[t]he purchase or sale of health insurance in private health care systems shall not be prohibited by law or rule." In my view, certain aspects of state regulation of health insurance may be characterized as the permitting of the sale by certain qualified persons of insurance with certain approved provisions, and the prohibition of the sale *Page 6 
of insurance by other persons and/or having prohibited provisions. To the extent such a characterization is accepted, your proposal could have the effect of prohibiting state regulation of health insurance, at least with respect to regulatory laws or rules adopted after January 1, 2010. To the extent this impact upon state health insurance regulation is intended, the ballot title likely should, but does not, disclose the impact. As in the case of the ambiguities discussed above, however, I believe it unlikely that the impact is intended. Once again, accordingly, my revision of the ballot title to disclose the possible impact likely would not be useful. I conclude instead that the text of the proposed amendment is internally ambiguous.
 4. Section 2(d)(3) of the proposal states that it does not "[a]ffect laws or rules in effect as of January 1, 2010". In my opinion, the text of the proposal is ambiguous regarding the extent to which an amendment of a law or rule in effect on such date would be deemed under the proposal to be a new law or rule, subject to the provisions of the proposal.
Additionally, I note two matters with respect to which you may wish to consider revision of the ballot title to provide additional disclosure of the effects of the proposal.
First, the ballot title states that the proposed amendment provides that no law or rule shall "compel" participation in a health care system. The body of the proposal, section 1(a), defines the word "compel" to include the "imposition of penalties or fines" and, in section 1(e), defines "penalties or fines" to include "a fine, tax, wage withholding, surcharge, or any named fee with a similar effect . . . that is used to punish or discourage the exercise of rights protected under this amendment." Accordingly, as I understand your proposal, it would prohibit the imposition of a tax upon a person who declined to participate in a health care system, no matter how small the amount of the tax or how minimal the penalty for nonpayment. In my view, there is a substantial likelihood that a reasonable voter would not understand the mere imposition of a modest tax, perhaps to be followed by an insignificant penalty, to amount to compulsion to participate in a health care system. Such a voter therefore could be misled by the language of the ballot title. *Page 7 
Second, it is my opinion that your proposal will be ineffective to prevent the operation of any valid federal law or rule, now existing or hereafter enacted, that is intended to compel persons in Arkansas to participate in a health care system. The Supremacy Clause provides that "[t]his Constitution, and the Laws of the United States which shall be made in Pursuance thereof . . . shall be the supreme Law of the Land . . . and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const. art. VI, cl. 2. "[T]he Supremacy Clause invalidates all state laws that conflict or interfere with an Act of Congress.Hayfield Northern R. Co. v. Chicago North Western TransportationCo., 467 U.S. 622, 627, and n. 4 (1984) (citing Gibbons v.Ogden, 9 Wheat. 1, 211 (1824))." Rose v. Arkansas StatePolice, 479 U.S. 1, 3 (1986). The ballot title fails to acknowledge that the proposal, if adopted, will be preempted by any valid federal law or regulation that is intended to compel persons in Arkansas to participate in a health care system. A voter considering whether to support the proposal should be informed of its susceptibility to challenge under the Supremacy Clause.
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107 and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal.
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law.See, e.g., Finn v. McCuen,303 Ark. 418, 793 S.W.2d 34 (1990). Furthermore, the Court has recently confirmed that a proposed amendment cannot be approved if "[t]he text of the proposed amendment itself contribute[s] to the confusion and disconnect between the language in the popular name and the ballot title and the language in the proposed measure."Roberts v. Priest, 341 Ark. 813, 20 S.W.3d 376 (2000). The Court concluded: "[I]nternal inconsistencies would inevitably lead to confusion in drafting a popular name and ballot title and to confusion in the ballot title itself." Id. Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my *Page 8 
statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed popular name and ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure, popular name and ballot title. See A.C.A. § 7-9-107(c). You may, after clarification of the matter discussed above, resubmit your proposed amendment, along with a proposed popular name and ballot title, at your convenience. I anticipate, as noted above, that some changes or additions to your submitted popular name and ballot title may be necessary. I will perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] Examples include the government programs known as Medicare and Medicaid.

 *Page 1